JAMES O. BLOSS, Respondent, v. RICHARD J. MORRISON, Public Administrator, etc., Appellant.

*Admissibility of testimony as to a transaction with a deceased person — power of a referee to strike out evidence — it cannot be exercised after the case has been submitted to him, unless by stipulation.*

Upon a trial before a referee, appointed to hear and determine a disputed claim presented by the plaintiff against the estate of one Van Valkenburg, the evidence of Mrs. Turrell, who assigned the claim to the plaintiff, was, under a stipulation made between the attorneys of the parties, taken out of court before a notary public, and presented to the referee and considered as having been read in evidence. The witness was asked the following question : " Do you know whether your husband, at any time, had a written acknowledgment' of any indebtedness from Mr. Van Valkenburg to him ? "

*Held,* that an objection taken to the question as incompetent, and as involving a personal transaction with the deceased, was properly overruled.

The answer was as follows : " My husband had a written acknowledgment of indebtedness of $14,000 from Mr. Van Valkenburg ; I know this, because some time after my husband's death, his brother, Henry Turrell, handed to me a paper which he said contained an acknowledgment of $14,000, which Mr. Van Valkenburg owed to my husband ; Mr. Henry Turrell said that he and his sister, Mrs. Shaffer, who were the only next of kin of my husband, were willing that I should have this money for my own, and he formally presented his one-half interest in it to me at that time."

At a subsequent hearing before the referee, and before the reference was closed, a motion was made by the appellant to strike out all of the answer of the witness above quoted, commencing with the words " I know this, because," which motion was denied and exception taken. In his report the referee expressly stated that he disregarded this evidence, holding that he had a right to do so because the evidence was taken in his absence on stipulation, and the objections of counsel and' the rulings of the refereee thereon were recorded *pro forma.*

*Held,* that he erred in so doing ; that the motion to strike out the evidence should have been granted when made, and that the appellant had a right to rely upon the exception which he had taken to the denial of such motion.

Whatever may be the power of the court or a referee during the progress of a trial, as to striking out evidence which has been improperly admitted, no such right can exist after a cause has been submitted for decision, unless such right has been specially reserved.

Appeal from an order made at Special Term confirming a referee's report in favor of the respondent.

*Hoffman Miller,* for the appellant.

*John A. Garver,* for the respondent.

VAN BRUNT, P. J. :

The respondent in this action having presented as assignee, a claim for money loaned against the estate of one Aaron Van Valkenburg deceased, which estate was represented by the defendant, such claim was disputed and an order of reference was made to hear and determine the controversy between the parties. After a trial before him, the referee reported in favor of the respondent. The appellant claims that the referee erred in his rulings in respect to certain testimony offered on behalf of the respondent to support the claim presented by him. Under a stipulation made between the attorneys of the parties, the evidence of Mrs. Huldah V. V. Turrell the assignor of the claim was taken out of court before a notary public, and was used upon the trial before the referee. This evidence was simply presented to the referee and considered as having been read in evidence. Among other questions asked of this witness, appearing in said deposition, was the following : Do you know whether your husband at any time, had a written acknowledgment of any indebtedness from Mr. Van Valkenburg to him ? This question was objected to at the time of the taking of the deposition, as incompetent, and as involving a personal transaction with the deceased ; which objection was overruled and an exception taken. This objection does not seem to be well taken. The witness might have seen such a paper in her husband's possession, and upon proper proof of its loss could have testified as to its contents. It may be that, at the time of asking the question a proper foundation had not been laid for the introduction of such parol proof, but no objection of this kind was taken. It in no sense involved a personal transaction between the witness and the deceased. It was evidence of a distinct fact, and did not at all necessarily involve any personal communication or transaction with the deceased. The answer of the witness was as follows: " My husband had a written acknowledgment of indebtedness of fourteen thousand dollars from Mr. Van Valkenburg ; I know this because, some time after my husband's death, his brother, Henry Turrell, handed to me a paper, which he said contained an acknowledgement of fourteen thousand dollars which Mr. Van Valkenburg owed to my husband ; Mr. Henry Turrell said that he and his sister, Mrs. Shaffer, who were the only next of kin of my husband, were willing that I should have this money for my own, and he formally

presented his one-half interest in it to me at that time." At a sub-
sequent hearing before the referee, and before the reference was
closed, a motion was made by the appellant to strike out all of the
answer of the witness above quoted, commencing with the words
" I know this, because," which motion was denied and exception
taken. That this part of the answer was no evidence at all, and
was clearly incompetent, requires no argument. Indeed, the referee
so concluded, because in his report he expressly states that he disre-
garded this evidence, which he seems to think he had a right to do,
because the evidence was taken in his absence on stipulations
between the parties, and the objections of counsel and the rulings
of the referee thereon were recorded *pro forma.* In this we think
that the referee erred. His attention was directly called to this
evidence, which had been taken in his absence, by a motion to strike
it out, which motion was denied and an exception taken. This
motion should have been granted, and, upon its refusal, the appel-
lant had a right to rely upon the exception which had been taken
to the refusal to grant his motion.

This testimony was very material and calculated to strongly effect
the mind of the referee if he deemed the testimony competent, and
after having once ruled that it was competent, as he did when he
denied the motion to strike out ; in the absence of the parties and
without notice, after the case had been submitted for decision and
after, upon examination of the evidence, he had come to the con-
clusion that the evidence was not necessary to the plaintiff's case,
the referee had no power to deprive the appellant of an exception
upon which he may have relied, by stating in his report that he had
disregarded the objectionable evidence. Any other rule might
deprive a party of a perfectly good cause of action or defense
without an opportunity to be heard.

Whatever may be the power of the court or referee during the
progress of a trial as to striking out evidence which has been
improperly admitted, no such right can exist after a cause has
been submitted for decision unless it has been specially reserved.

The record of the evidence is closed with the submission of the
case and cannot be thereafter altered except by the consent of
the parties. It may be that in the case at bar the erroneous ruling
of the referee made no difference in the defense offered by the

appellant, but of this we cannot be certain, and even the seeming recognition of the right under discussion as possessed by either a court or referee would be so dangerous to suitors that in this instance it cannot pass unchallenged.

For the error above mentioned the order and judgment appealed from must be reversed, and a new trial of the controversy ordered before another referee, with costs to the appellant to abide the final event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered before another referee costs to appellant to abide event.